IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PRECISION INDUSTRIES, INC., ) | |
| ) | 8:09CV195 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| TYSON FOODS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to dismiss the plaintiff's first cause of action pursuant to Fed. R. Civ. P. 12(b)(6), Filing No. 15, for failure to state a claim upon which relief may be granted. The plaintiff has sued the defendant in this case alleging (1) that the defendant breached the contract by failing to negotiate a contract extension in good faith; and (2) for breach of contract for failure to purchase committed inventories. Filing No. 1. Only the first claim is at issue in this motion to dismiss. The contract is attached to Filing No. 1 as Exhibit A.

On or about April 20, 2002, the parties entered into a contract known as the "Tyson Foods Contract" ("Contract") wherein plaintiff would supply certain parts and equipment to the defendant. The term of the Contract was for 60 months. At the expiration of the Contract, one of the provisions provided that the parties would enter into good faith negotiations to extend the Contract. Specifically, the Contract stated:

> [S]ix (6) months prior to the scheduled contract termination date, Precision and Tyson will enter into good faith negotiations to extend the agreement for an additional five (5) year term. All negotiations regarding contract extension will be concluded three (3) months prior to the scheduled termination date for the original contract term.

Filing No. 1, Exhibit A ¶ 4.1.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at __ , 129 S. Ct. at 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950*.* Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal*, — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.'").

Plaintiff's first cause of action alleges that defendant failed to negotiate in good faith to extend the contract. Defendant argues that on the face of the complaint there is no plausible way to even "'draw a reasonable inference that defendant is liable for the misconduct alleged.'" *Randall v. Midland Funding, LLC*, 2009 WL 2358350, at *2 (D. Neb. July 23, 2009) (Bataillon, C.J) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009)). Defendant states:

> "[A] mere agreement to later negotiate cannot constitute a contract." *Schlake v. Jacobsen*, 246 Neb. 921, 930, 524 N.W.2d 316, 322 (1994). In order "[t]o recover in an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty." *Slosburg v. New England Life Ins. Co.*, No. A-08-903, 2009 WL 962328 at *3 (Neb. Ct. App. April 7, 2009). "[A]n agreement to agree, rather than a complete contract that could simply be memorialized at a later time, is not enforceable in Nebraska." *Cimino v. FirsTier Bank, N.A.*, 247 Neb. 797, 797, 530 N.W.2d 606, 609 (1995).

Filing No. 16, at 4. The Eighth Circuit has likewise held that "agreements to negotiate in good faith in the future are unenforceable as a matter of law." *C&S Acquisitions Corp. v. Northwest Aircraft, Inc.*, 153 F.3d 622, 626 (8th Cir. 1998) ) (applying Minnesota law). Defendant contends that this contract is unenforceable because it lacks the definiteness and objective standards to bind the parties. Defendant cites a number of cases which state that an agreement to negotiate in good faith is indefinite and uncertain and lacks specificity. *Candid Productions, Inc. v. International Skating Union*, 530 F. Supp. 1330, 1337 (S.D. N.Y. 1982); *L-3 Communications Corp. v. OSI Sys., Inc.*, 2004 WL 42276, *10 (S.D. N.Y. Jan. 8, 2004) (New York law); *APS Capital Corp. v. Mesa Air Group, Inc.*, 580 F.3d 265, 272 (5th Cir. 2009) ("[W]here an agreement leaves essential terms open for future negotiations, it is not a binding contract but, rather, an unenforceable 'agreement to

4

agree.'"); *King v. Nevada Elec. Inv. Co.*, 893 F. Supp. 1006, 1012 n.2, 1018 (D. Utah 1994) (an agreement to negotiate in good faith to conclude a Mine Management Agreement "is deficient, indefinite and too vague to be judicially enforced."); *Del Castillo v. Bayley Seton Hosp.*, 232 A.D.2d 602, 604 (N.Y. App. Div. 1996) (finding a document was an "agreement to agree" because "[t]he parties did not commit themselves to a renewal or modification of the contract; they only agreed to negotiate"). Therefore, defendant argues the agreement to later negotiate in good faith is not a plausible cause of action and asks this court to dismiss plaintiff's first cause of action. Defendant further cites the following in support of its argument:

> "The overwhelming weight of authority holds that courts will not enforce an agreement to negotiate a contract." *First Nat. Bank of Maryland v. Burton, Parsons & Co., Inc.*, 470 A.2d 822, 829 (Md. Ct. App. 1984). "Indeed most courts have expressed this result by saying a promise to negotiate in good faith is unenforceable." *Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Productions, Inc.*, Civ. A. No. 12036, 1992 WL 251380, at *9 (Del. Ch. Oct. 6, 1992).

Filing No. 28 at 5.

> An obligation to "negotiate renewal in good faith" is unenforceable because it "is, at most, an agreement to agree on something in the future." *State Department of Corrections v. C&W Food Service, Inc.*, 765 So. 2d 728, 729 (Fla. Dist. Ct. App. 2000). "[A]greements to negotiate in good faith . . . are unenforceable as a matter of law." *C&S Acquisitions Corp. v. Northwest Aircraft*, 153 F.3d 622, 626 (8th Cir. 1998) (applying Minnesota law). *See also Beazer Homes Corp. v. VMIF/Anden Southbridge Venture, LPI*, 235 F. Supp. 2d 485, 490 (E.D. Va. 2002) ("[A]greements to negotiate . . . in the future are unenforceable.").

Filing No. 28 at 6.

Plaintiff argues that the promise to negotiate in good faith for a five-year extension starting six months prior to the scheduled termination of the contract and ending three months later is an agreed upon time frame. Plaintiff contends there has been a meeting

of the minds, that the essential terms are definite and the subject matter spelled out in accordance with Nebraska law. *Gerhold Concrete Co. v. St. Paul Fire and Marine*, 695 N.W.2d 665, 700 (Neb. 2005); *MBH, Inc. v. John Otte Oil & Propane*, 727 N.W.2d 238, 247 (Neb. App. 2007). Plaintiff does not disagree that under Nebraska law "[A]n agreement to make a future contract is not binding upon either party unless all the terms and conditions are agreed upon and nothing is left for future negotiation." *Schlake*, 524 N.W.2d at 322; Cimino, 530 N.W.2d 606, 807; *Nebraska Nutrients v. Shepherd*, 626 N.W.2d 472, 498-99 (Neb. 2001).

Plaintiff points to several cases in other jurisdictions that have found agreements to negotiate enforceable:

> *"The modern view, and the view endorsed by most scholars, is that agreements to negotiate in good faith, unlike mere 'agreements to agree' are not unenforceable as a matter of law."* *Howtek, Inc. v. Relisys*, 958 F. Supp. 46, 48 (D. N.H. 1997) (listing cases). *See also Thompson v. Liquichima of America, Inc.*, 481 F. Supp. 365, 366 (E.D. N.Y. 1979) ("unlike an agreement to agree, which does not constitute a closed proposition, an agreement to use best efforts [or to negotiate in good faith] is a closed proposition, discrete and actionable"). "Under the modern view, the critical inquiry in evaluating the enforceability of an express or implied agreement to negotiate in good faith is whether the standard against which the parties' good faith negotiations are to be measured is sufficiently certain to comport with the applicable body of contract law." *Howtek, supra* at 48.

Filing No. 20 at 6. Plaintiff argued that the underlying terms in this case had been agreed upon and that all the parties had to do was negotiate in good faith.

The court agrees with the defendant in this case. It is particularly difficult to enforce this provision as there is no way to measure the breach, if any, or to give a particular remedy. *See Ohio Calculating, Inc. v. CPT Corp.*, 846 F.2d 497, 501 (8th Cir. 1988) (agreement to negotiate future contract after termination of agreement unenforceable under

Minnesota law); *Honolulu Waterfront Ltd. Partnership v. Aloha Tower Development Corp.*, 692 F. Supp. 1230, 1235-36 (D. Haw. 1988) (no reason to order parties to negotiate where the court cannot order them to agree); *Jillcy Film Enterprises, Inc. v. Home Box Office, Inc.*, 593 F. Supp. 515, 52-21 (S.D. N.Y. 1984 (same); *Mocca Lounge, Inc. v. Misak*, 94 A.D.2d 761, 763, 462 N.Y.S.2d 704, 706-07 (N.Y. App. Div. 1983) (must have objective criteria to judge best efforts). Further, the court believes that Nebraska requires that provisions of the contract must be clear and not left for future decision. "A contract is not formed if the parties contemplate that something remains to be done to establish contractual arrangements or if elements are left for future arrangement." *Schlake*, 524 N.W.2d at 322; *see also Cimino*, 530 N.W.2d at 615 (same). Accordingly, the court determines that it will grant the defendant's motion to dismiss plaintiff's first claim.

THEREFORE, IT IS ORDERED that the defendant's motion to dismiss the plaintiff's first cause of action, Filing No. 15, is granted.

DATED this 25th day of November, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.